STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

W.L. FULLER, INC.

vs.

C.A. No. KC05-227

TRAVELERS PROPERTY CASUALTY CORP., THE ST. PAUL TRAVELERS COMPANIES, INC. and CHARTER OAK FIRE INSURANCE COMPANY

## COMPLAINT

1. The plaintiff, W.L. Fuller, Inc., is a Rhode Island manufacturing corporation with a principal place of business located at 7 Cypress Street, Warwick, Rhode Island.

2. The defendants, Travelers Property Casualty Corp., The St. Paul Travelers Companies, Inc. and Charter Oak Fire Insurance Company are national insurance companies which do business in the State of Rhode Island.

3. The plaintiff is the named insured under a Manufacturers PAC policy, No. I-680-5175W063-COF-02, (hereafter "the Policy") issued by one or more of the defendants for the period September 14, 2002 to September 14, 2003.

4. Pursuant to the "Businessowners Coverage" form, MP T1 02 01 00, which is part of the Policy, the plaintiff's building located at 7 Cypress Street, Warwick, Rhode Island, personal property, business income and extra and temporary expenses were all insured for loss as the result of fire.

5. On March 17, 2003, there was a fire at the plaintiff's manufacturing facility at 7 Cypress Street, Warwick, Rhode Island (hereafter "the Fire") and the facility was damaged.

6. As a consequence of the Fire, the plaintiff sustained loss of business income within the terms of the Policy, which loss the plaintiff presented as a claim under the Policy to the defendants.

7. As a consequence of the Fire, the plaintiff sustained extra and temporary expenses within the terms of the Policy, which expenses the plaintiff presented as a claim under the Policy to the defendants.

8. The defendants have refused and failed to pay to the plaintiff its demonstrable business income loss and extra and temporary expenses despite the defendants' clear obligation to do so and the plaintiff's demand

for same.

9. The plaintiff has complied with all of the terms, conditions precedent and provisions of the Policy.

COUNT I
(Breach of Contract)

10. The plaintiff hereby incorporates the allegations contained in paragraphs 1 through 9, above, as if restated in full herein.

11. Despite the defendants' contractual obligation to pay the plaintiff's business income loss and its extra and temporary expenses resulting from the Fire, the defendants have wrongfully refused to do so.

12. The defendants have failed to perform their duties in accordance with the Policy and the plaintiff has been denied the benefits under the Policy to which it is entitled.

13. As a consequence of the defendants' breach of contract, the plaintiff has been damaged in an amount sufficient to invoke the jurisdiction of this court.

14. There is a complete absence of a justiciable issue of either law or fact for the failure of the defendants to pay the plaintiff the sums owed under the Policy.

WHEREFORE, plaintiff, W.L. Fuller, Inc. demands judgment against the defendants for all damages sustained, plus interest, costs and reasonable attorney's fees in connection with this action pursuant to R.I.G.L. §9-1-45.

COUNT II
(Unfair Claims Settlement Practices Act)

15. The plaintiff hereby incorporates the allegations contained in paragraphs 1 through 14, above, as if restated in full herein.

16. The defendants' actions in refusing to pay the plaintiff's claim for loss of business income and extra and temporary expenses constitute willful, wanton and reckless conduct in flagrant and conscious disregard of their statutory obligations.

17. The defendants' actions in refusing to pay the plaintiff's claim for loss of business income and extra and temporary expenses are in breach of R.I.G.L§27-9.1-4, the Unfair Claims Settlement Practices Act.

18. As a consequence of the defendants' unfair claims settlement practices and their wrongful refusal to pay the plaintiff's claim for loss of business income and extra and temporary expenses, the plaintiff has sustained damages in an

amount sufficient to invoke the jurisdiction of this court.

WHEREFORE, plaintiff, W.L. Fuller, Inc. demands judgment against the defendants for all damages sustained, plus punitive damages, interest, costs and reasonable attorney's fees.

COUNT III
(Insurer Bad Faith)

19. The plaintiff hereby incorporates the allegations contained in paragraphs 1 through 18, above, as if restated in full herein.

20. The defendants' actions in refusing to pay the plaintiff's claim for loss of business income and extra and temporary expenses are in breach of the obligation of good faith and fair dealing implied in the contract between the defendants and the plaintiff.

21. The defendants' actions in refusing to pay the plaintiff's claim for loss of business income and extra and temporary expenses constitute bad faith.

22. As a consequence of the defendants' bad faith and their wrongful refusal to pay the plaintiff's claim for loss of business income and extra and temporary expenses, the plaintiff has sustained damages in an amount sufficient to invoke the jurisdiction of this court.

WHEREFORE, plaintiff, W.L. Fuller, Inc. demands judgment against the defendants for all damages sustained, plus punitive damages, interest, costs and reasonable attorney's fees.

W.L. FULLER, INC.
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated: March 15, 2005